# STATE OF MICHIGAN

# COURT OF APPEALS

JOSHUA WILLIAM THORNSBERRY,

        Plaintiff-Appellant,

v

BRITTANY A. VANDERGRIFT and
MELISSA R. JAN,

        Defendants,

and

MASON ANTHONY PEACE and MICHELLE
GREEN,

        Defendants-Appellees.

UNPUBLISHED
September 22, 2015

No. 321284
Monroe Circuit Court
LC No. 11-031483-NI

Before: K. F. KELLY, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

Plaintiff appeals as of right a judgment of no cause of action entered on a jury verdict in this third-party no-fault insurance case. We affirm.

The accident at issue occurred in the early morning hours of September 26, 2010. Plaintiff, who was underage, had been drinking at a party and called his friend, Kyle Nowicki, for a ride home. Nowicki went to pick up plaintiff in a vehicle being driven by defendant Mason Peace.[1] Defendant Peace was 16 years old and only had his driver's license for about three weeks. When they got to the location, they saw people walking around and vehicles parked in the driveway, on the lawn, and on the side of the road. Because he saw nowhere else to park, defendant Peace parked his vehicle on one side of the driveway in front of the house where the party was being held. Because of a ditch, he was parked partly on the grass and partly on the roadway.

---

[1] The vehicle was owned by Peace's mother, defendant Michelle Green.

-1-

While Nowicki was trying to call plaintiff to tell him they were there to pick him up, defendant Peace turned off his vehicle, including all of its lights. But Nowicki's passenger side door was open. Eventually plaintiff came out of the house and walked toward defendant Peace's vehicle, as it was the only occupied car and the dome light was on. He stood in the ditch next to the vehicle and talked to Nowicki. Meanwhile, Brittany Vandergrift was driving her friend, Melissa Jan's vehicle down the same road and was travelling at 45 miles per hour, which was the speed limit. She did not see defendant Peace's vehicle, its rear reflectors, other cars in the area, the people milling about, or any other thing before she struck the rear of defendant Peace's vehicle, which was partly in the roadway. Vandergrift's vehicle then deflected off of Peace's vehicle, and struck plaintiff, causing him to sustain serious injuries to his left leg.

Subsequently, plaintiff filed this lawsuit. His claims against Vandergrift and Jan were ultimately settled. Following the close of proofs in the jury trial, plaintiff moved for a directed verdict on the issues of negligence, comparative negligence, and serious impairment of body function. The trial court denied the motion with regard to the issues of negligence and comparative negligence, holding that questions of fact existed, but granted it with regard to plaintiff's injuries.

The jury eventually returned a verdict in favor of defendants. Although the jury found that defendant Peace was negligent, it concluded that his negligence was not a proximate cause of plaintiff's injuries. A judgment was entered on the verdict and plaintiff filed a motion for judgment notwithstanding the verdict (JNOV) or new trial. Plaintiff argued that he was entitled to JNOV on the issue of proximate cause because the jury verdict was inconsistent and against the great weight of the evidence. Plaintiff also argued that he was entitled to a new trial because the trial court abused its discretion when it allowed testimony regarding plaintiff's underage alcohol consumption. The trial court denied the motion, holding that the jury was entitled to have all of the facts as to how the events occurred and plaintiff was not unduly prejudiced by the limited evidence of his alcohol consumption. Further, the court held, the jury verdict was not inconsistent or against the great weight of the evidence. This appeal followed.

Plaintiff argues that the jury verdict which held that defendant Peace was negligent but not a proximate cause of his injuries was inconsistent and against the great weight of the evidence. Further, plaintiff argues, the trial court erroneously denied his motion for directed verdict on the issue of liability, as well as his motion for JNOV or new trial. We disagree with all of these related arguments.

We review de novo a trial court's decisions on motions for directed verdict and for JNOV. *Sniecinski v Blue Cross & Blue Shield of Mich*, 469 Mich 124, 131; 666 NW2d 186 (2003). "Motions for a directed verdict or JNOV are essentially challenges to the sufficiency of the evidence in support of a jury verdict in a civil case." *Taylor v Kent Radiology*, 286 Mich App 490, 499; 780 NW2d 900 (2009). Such motions should be granted only if the evidence, viewed in the light most favorable to the nonmoving party, fails to establish a claim as a matter of law. *Sniecinski*, 469 Mich at 131. Further, a trial court's denial of a motion for new trial will not be disturbed absent an abuse of discretion. *Domako v Rowe*, 184 Mich App 137, 144; 457 NW2d 107 (1990). A jury verdict will not be overturned unless, after review of all of the evidence and according deference to the judgment of the jury, we determine that the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow it to

stand. *Sciotti v 36th Dist Court*, 482 Mich 1143, 1147; 758 NW2d 289 (2008); *Ellsworth v Hotel Corp of America*, 236 Mich App 185, 194; 600 NW2d 129 (1999). A jury verdict, even if arguably inconsistent, will not be overturned "[i]f there is an interpretation of the evidence that provides a logical explanation for the findings of the jury." *Granger v Fruehauf Corp*, 429 Mich 1, 7, 9; 412 NW2d 199 (1987). That is, if there is competent evidence to support it, a jury verdict should not be set aside. *Domako*, 184 Mich App at 144.

As plaintiff explains in his brief on appeal, in a negligence action the plaintiff must prove causation. To establish causation, the plaintiff must prove that a defendant's negligence was both a cause in fact and a proximate, or legal, cause of his injuries. *Craig v Oakwood Hosp*, 471 Mich 67, 87; 684 NW2d 296 (2004). To prove that a defendant's negligence was a factual cause of the plaintiff's injuries, he must show that his injuries would not have occurred but for the defendant's negligent conduct. *Haliw v Sterling Hts*, 464 Mich 297, 310; 627 NW2d 581 (2001). Cause in fact may be established by circumstantial evidence and evidence of causation is sufficient if the jury could conclude that, more likely than not, but for the defendant's conduct the plaintiff's injuries would not have occurred. *Skinner v Square D Co*, 445 Mich 153, 163-164; 516 NW2d 475 (1994); *Wilson v Alpena Co Rd Comm*, 263 Mich App 141, 150; 687 NW2d 380 (2004). Normally, whether cause in fact exists is a question for the jury, unless there is no issue of material fact. *Genna v Jackson*, 286 Mich App 413, 418; 781 NW2d 124 (2009).

On the other hand, legal cause "involves examining the foreseeability of consequences and whether a defendant should be held legally responsible for such consequences given his negligent acts or omissions." *Jones v Detroit Med Ctr*, 490 Mich 960; 806 NW2d 304 (2011), citing *Skinner*, 445 Mich at 163. Proximate cause has been defined as "a foreseeable, natural, and probable cause." *Jones*, 490 Mich at 960 (citation omitted). The focus of inquiry with regard to proximate cause "is whether the result of conduct that created a risk of harm and any intervening causes were foreseeable." *Id*., citing *Moning v Alfono*, 400 Mich 425, 439; 254 NW2d 759 (1977).

> Probability of harm is thus a relevant consideration to determine whether the defendant's conduct was foreseeable or if the defendant should be held legally liable in light of the circumstances. Since there are risks that can be foreseen but would not be avoided by a reasonable person, for liability to attach the harm must be of a kind that defendant should have avoided or it must be shown that defendant's actions presented an unreasonable risk of harm. [*Jones*, 490 Mich at 960.]

The issue of proximate cause is usually a factual issue for the jury to determine, unless there is no issue of material fact. *McMillan v State Hwy Comm*, 426 Mich 46, 63; 393 NW2d 332 (1986). Thus, for a plaintiff to prevail on the issue of proximate cause for purposes of a directed verdict, "it must be shown that reasonable minds cannot differ that injury was a foreseeable, natural, and probable consequence of the defendant's negligence." See *Jones*, 490 Mich at 961.

In this case, the jury was given instruction with regard to several statutes and told that if it found that defendants violated any of the statutes before or at the time of the occurrence, it may infer that defendants were negligent. These statutes were read to the jury as follows, in part:

MCL 257.626b: A person who operates a vehicle upon a place open to the general public in a careless or negligent manner likely to endanger any person or property, but without wantonness or recklessness.

MCL 257.627: A person operating a vehicle on a highway shall operate that vehicle at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway and of any other condition then existing. A person shall not operate a vehicle upon a highway at a speed greater than that which will permit a stop within the assured, clear distance ahead.

MCL 257.672: A vehicle shall not be stopped, parked, or left standing, attended or unattended, upon the paved or main traveled part of a highway when it is possible to stop, park, or to leave the vehicle off the paved or main traveled part of the highway.

MCL 257.676b: A person without authority shall not block, obstruct, impede, or otherwise interfere with the normal flow of vehicular or pedestrian traffic upon a public street or highway in this state by means of a barricade, object, or device, or with his or her person.

MCL 257.310e: A person issued a level two graduated licensing status under subsection (5) shall not operate a vehicle under the following circumstances: between the hours of 12:00 a.m. and 5:00 a.m.

MCL 257.694: Whenever a vehicle is parked or stopped upon a highway, whether attended or unattended during the times mentioned in 684, there shall be displayed upon the left side of such vehicle one or more lamps projecting a white or amber light visible under normal atmospheric conditions from a distance of 500 feet to the front of such vehicle, and projecting a red light visible under like conditions from a distance of 500 feet to the rear.

The jury was also instructed that if it found that defendants were negligent for violating any of the statutes, it must then decide whether such negligence was a proximate cause of the occurrence. The jury was instructed: "When I use the words proximate cause, I mean first, that the negligent conduct must have been a cause of Plaintiff's injury; and second, that Plaintiff's injury must have been of a type that is a natural and probable result of the negligent conduct." The jury was also instructed that there may be more than one proximate cause and a "cause may be proximate, although it and another cause act at the same time, or in combination, to produce the occurrence."

Plaintiff argues on appeal, as he did in the trial court, that "[b]ut for Peace parking illegally and negligently in Vandergrift's path of travel, Vandergrift's vehicle would have continued to travel straight down the road." And, plaintiff argues, the jury agreed that defendant Peace was negligent; thus, its conclusion that such negligent conduct was not a proximate cause of plaintiff's injuries was inconsistent and against the great weight of the evidence. We disagree.

-4-

The jury was read several statutes and was instructed that if it found that defendants violated any of them, it could infer negligence. While the jury concluded that defendant Peace was negligent, there is no way of knowing which statutory violation or statutory violations gave rise to that finding. For example, the jury could have found that defendant Peace only violated MCL 257.310e because he was driving between the hours of midnight and 5:00 a.m. If that were the case, the jury could have concluded that simply driving during those hours was not a proximate cause of plaintiff's injuries. Likewise, the jury could have concluded that MCL 257.694 was violated because defendant Peace did not have his lights on when he parked on the side of the road, but may have decided that such negligence was not a proximate cause of the occurrence. In the alternative, the jury may have concluded that MCL 257.694 was not violated because defendant Peace's vehicle was not "parked or stopped upon a highway;" rather, it was parked or stopped on the side of the road. And the jury may not have concluded that defendant Peace operated his vehicle in a careless or negligent manner in violation of MCL 257.626b or that he impeded or otherwise interfered with traffic "by means of a barricade, object, or device, or with his or her person" in violation of MCL 257.676b. The jury may also have believed the testimony of defendant Peace, as well as Nowicki and defendants' expert, Bradley Cook, that there was nowhere else to park when Peace arrived to pick up plaintiff from the party; thus, MCL 257.672 was not violated. But clearly we cannot discern whether a single statute or a combination of statutes was found to be violated by the jury.

In any case, sufficient evidence was presented to create a factual question for the jury whether defendant Peace was negligent and, if so, whether such negligence was a proximate cause of plaintiff's injuries; thus, the trial court properly denied plaintiff's motion for directed verdict and motion for JNOV. See *Sniecinski*, 469 Mich at 131; *Heaton v Benton Constr Co*, 286 Mich App 528, 532; 780 NW2d 618 (2009). And the jury's conclusion that the claimed negligence was not a proximate cause of plaintiff's injuries was supported by evidence. That is, for example, even if defendant Peace was determined to be negligent for driving at a time he was not supposed to be driving, for not illuminating his lights, and/or for parking partially in the roadway, the jury could have found, consistent with the evidence, that such negligent conduct was not a cause in fact and/or legal cause of plaintiff's injuries. The jury may have concluded, for example, that a rear-end collision that caused injuries to a pedestrian was not a foreseeable consequence of parking on the side of the road, even partially in the road, and turning the vehicle's lights off.

And contrary to plaintiff's claim that there was not a "logical explanation for the jury's conclusion," there was sufficient evidence for the jury to conclude that Vandergrift's negligence was the sole proximate cause of plaintiff's injuries. As defendants argued, Vandergrift did not see: (1) the reflectors in defendant Peace's rear taillights or his reflective license plate; (2) the dome light in Peace's vehicle that even plaintiff admitted was illuminated because Nowicki had opened the passenger door; (3) the porch light that was illuminated at the house according to Cassidy Sloan, who also thought Vandergrift appeared intoxicated; (4) the people walking around; and (5) all of the other vehicles parked around that house. In fact, Vandergrift testified that she was not familiar with the area, had gotten lost, and the road was really dark, yet she did not have her high beam headlights on and was traveling at a speed of 45 miles per hour. She also could not explain why she did not see anything that was to be seen, including the reflectors on the rear of defendant Peace's vehicle, before she struck it.

-5-

Deputy William Broman, Jr., also testified that Vandergrift: (1) should have seen the rear reflectors on defendant Peace's vehicle; (2) had a duty to see what was to be seen in front of her; and (3) should have been paying attention. Plaintiff's own accident reconstruction expert, Timothy Abbo, testified that: (1) Vandergrift violated the law by not having her high beam headlights on before the collision; (2) Vandergrift violated the "assured clear distance statute," MCL 257.627, which was read to the jury; (3) there were items in Vandergrift's vehicle that raised "red flags" regarding her sobriety; (4) he believed Vandergrift was not paying attention before the collision; (5) if there was nowhere else to park when defendant Peace arrived at the house, MCL 257.672 was not violated; and (6) no pictures were taken of the rear of defendant Peace's vehicle therefore he could not determine where the actual impact was on that vehicle. And, finally, defendants' accident reconstruction expert, Bradley Cook, testified that he reconstructed the accident and concluded that Vandergrift was solely responsible for this accident. Even traveling at a speed of 45 miles per hour, she had enough time to see defendant Peace's non-illuminated vehicle, react to it, and take some kind of evasive maneuver to avoid this accident—if she had been paying attention, but she was not.

Considering all of the evidence and according deference to the judgment of the jury, we reject plaintiff's argument that the jury verdict was against the great weight of the evidence. See *Ellsworth*, 236 Mich App at 194. Further, the jury verdict was not inconsistent and, as discussed, there is a logical explanation for the jury's finding. See *Granger*, 429 Mich at 7. To the extent that plaintiff argues that he was entitled to a new trial on these grounds, we conclude that the trial court did not abuse its discretion when it denied the motion. See *Domako*, 184 Mich App at 144. We also conclude that the trial court did not err when it denied plaintiff's motion for directed verdict and motion for JNOV. These challenges to the sufficiency of defendants' evidence against plaintiff's claims fail for the reasons discussed. See *Taylor*, 286 Mich App at 499. That is, as the trial court held, questions of fact existed which precluded a directed verdict or JNOV in plaintiff's favor. See *Sniecinski*, 469 Mich at 131; *Genna*, 286 Mich App at 417.

Plaintiff also argues that the jury verdict was the result of prejudice arising from evidence that he consumed alcohol at the party although he was underage; thus, he is entitled to a new trial. We disagree.

In his motion for a new trial, plaintiff argued that the trial court abused its discretion when it allowed testimony regarding his underage alcohol consumption. The trial court denied the motion, holding that the jury was entitled to have all of the facts as to how the events occurred and plaintiff was not unduly prejudiced by the limited evidence of his alcohol consumption. We agree with the trial court that the jury was entitled to place the events in context, including how defendant Peace became involved in this matter. And the record does not support plaintiff's claim that the defense strategy was to attack him for consuming alcohol while underage. As the trial court held, there was limited evidence of plaintiff's alcohol consumption.

But even if it was error to admit such evidence, the error is considered harmless unless declining to grant a new trial or set aside the verdict appears inconsistent with substantial justice. MCR 2.613(A); *Guerrero v Smith*, 280 Mich App 647, 655-656; 761 NW2d 723 (2008). And in this case, contrary to plaintiff's claim, there is no indication that the jury verdict was the product of prejudice against plaintiff because he consumed alcohol. As discussed above, the jury verdict

was supported by the record evidence. Accordingly, plaintiff has not established that he is entitled to a new trial.

Affirmed.


/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Henry William Saad