# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBERT MARION NAYLOR,

        Defendant-Appellant.

UNPUBLISHED
October 13, 2015

No. 322611
Oakland Circuit Court
LC No. 2013-248109-FC

Before: GLEICHER, P.J., and SAWYER and MURPHY, JJ.

PER CURIAM.

Defendant appeals as of right from his convictions following a jury trial of one count of voluntary manslaughter,[1] MCL 750.321, five counts of assault with intent to commit great bodily harm less than murder, MCL 750.84, one count of felon in possession of a firearm, MCL 750.224, and seven counts of possession of a firearm during the commission of a felony, third or subsequent offense (felony-firearm 3d), MCL 750.227b(2). The court sentenced defendant as a fourth habitual offender, MCL 767.12, to 25 years to 75 years for manslaughter, 25 years to 75 years on each of his five assault convictions, and 15 years to 75 years for felon in possession of a firearm. Defendant was sentenced to 10 years for each felony-firearm 3d conviction, to be served consecutively to the predicate conviction. We affirm.

## I. BACKGROUND FACTS

This prosecution stems from an altercation that occurred on July 4, 2013, outside a party store where people had congregated to watch a fireworks display. Defendant was involved in the altercation and discharged a firearm, which resulted in the death of one person and injury to several others, including the deceased's daughter and the son of his fiancée. A surveillance video of the scene was admitted and played for the jury. Defendant originally told police that he was not at the Fourth of July event at the time of the shooting. Subsequently, defendant admitted to being at the scene and discharging a gun. He claimed, however, that he had acted in self-defense.

---

[1] As a lesser included of second-degree murder.

-1-

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that there was insufficient evidence for plaintiff to overcome his claim that he acted in self-defense.[2] We review de novo a defendant's challenge to the sufficiency of the evidence adduced at trial. *People v Cline*, 276 Mich App 634, 642; 741 NW2d 563 (2007). When reviewing a challenge to the sufficiency of the evidence, we will consider "the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006). Any conflicting evidence must be resolved in favor of the prosecution. *People v Terry*, 224 Mich App 447, 452; 569 NW2d 641 (1997). Questions of credibility are left to the trier of fact and will not be resolved anew by this Court. *People v Avant*, 235 Mich App 499, 506; 597 NW2d 864 (1999).

"The elements of voluntary manslaughter are (1) the defendant must kill in the heat of passion, (2) the passion must be caused by an adequate provocation, and (3) there cannot be a lapse of time during which a reasonable person could control his passions." *People v Sullivan*, 231 Mich App 510, 518; 586 NW2d 578 (1998). "Assault with intent to commit great bodily harm less than murder requires proof of (1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Parcha*, 227 Mich App 236, 239; 575 NW2d 316 (1997).

Once a defendant introduces evidence of self-defense, the prosecutor bears the burden of disproving it beyond a reasonable doubt. *People v Roper*, 286 Mich App 77, 86; 777 NW2d 483 (2009). At common law, the affirmative defense of self-defense applies "if the defendant honestly and reasonably believes his life is in imminent danger or that there is a threat of serious bodily harm and that it is necessary to exercise deadly force to prevent such harm to himself." *People v Riddle*, 467 Mich 116, 127; 649 NW2d 30 (2002). "A finding that a defendant acted in justifiable self-defense necessarily requires a finding that the defendant acted intentionally, but that the circumstances justified his actions." *People v Heflin*, 434 Mich 482, 503; 456 NW2d 10 (1990).

---

[2] Plaintiff cites federal caselaw for the proposition that the sufficient evidence guarantee demanded by due process does not implicate affirmative defenses because proof of an affirmative defense does not detract from proof beyond a reasonable doubt that a defendant committed the requisite elements of a crime. See *Caldwell v Russell*, 181 F3d 731, 740 (CA 6, 1999), abrogated on other grounds by 28 USC 2261 *et seq*. Thus, plaintiff argues that defendant's sufficiency claim is not cognizable on appeal. However, " '[a]lthough state courts are bound by the decisions of the United States Supreme Court construing federal law, there is no similar obligation with respect to decisions of the lower federal courts . . . .' " *State Treasurer v Sprague*, 284 Mich App 235, 241; 772 NW2d 452 (2009) (citation omitted). Additionally, this Court has addressed sufficiency arguments regarding self-defense before. See, e.g., *People v Roper*, 286 Mich App 77, 87-88; 777 NW2d 483 (2009). Thus, plaintiff's argument that defendant's claim is not cognizable is not persuasive.

Defendant's own testimony rebuts his assertion of self-defense. At trial, defendant did not maintain that he shot at any of the victims in self-defense. Instead, he maintained that he was shooting "down to the ground" to "let people know to get off of me." Defendant testified that he "wasn't intentionally trying to shoot" the person that tried to strike him. Defendant also elaborated that he "didn't try to shoot no one." Self-defense is not applicable if the defendant accidentally rather than intentionally shot someone. *People v Guajardo*, 300 Mich App 26, 43; 832 NW2d 409 (2013). Additionally, assuming that defendant was punched as he claimed, he was not entitled to immediately resort to deadly force in self-defense. *Roper*, 286 Mich App at 88.

Further, the surveillance video of the incident provided the jury with ample evidence to conclude whether defendant appeared to be acting in self-defense. Thus, viewing the evidence in the light most favorable to plaintiff, there was sufficient evidence to overcome defendant's assertion of self-defense.

## III. FAMILY PHOTOGRAPH

Next, defendant argues that he was denied a fair trial when the trial court admitted a photograph of the decedent posing with his fiancée and their teenage daughter, who was also shot on July 4, 2013. "A decision whether to admit photographs is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion." *People v Gayheart*, 285 Mich App 202, 227; 776 NW2d 330 (2009). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Young*, 276 Mich App 446, 448; 740 NW2d 347 (2007).

Photographic evidence is generally admissible as long as it is relevant, MRE 401, and not unduly prejudicial, MRE 403. *People v Gayheart*, 285 Mich App at 227. Evidence is relevant if it has any tendency to make the existence of a fact of consequence to the action more probable or less probable than it would be without the evidence. MRE 401. Thus, "evidence is admissible if it is helpful in throwing light on any material point." *People v Aldrich*, 246 Mich App 101, 114; 631 NW2d 67 (2001). However, photographs that are calculated solely to arouse the sympathies and prejudices of the jury may not be admitted. *People v Howard*, 226 Mich App 528, 549; 575 NW2d 16 (1997). Where evidence is improperly admitted, the defendant bears the burden of establishing that the evidentiary error resulted in a miscarriage of justice. MCL 769.26; *People v Lukity*, 460 Mich 484, 493; 596 NW2d 607 (1999).

In this case, the photograph was relevant because it had a tendency to make the existence of fact or consequence, the decedent's presence and activities at the crime scene, more likely. As plaintiff contends, the photo could help the jury locate the decedent in the surveillance video, which is "helpful in throwing light on" a "material point." *Aldrich*, 246 Mich App at 114.

Further, considering the weight of the other evidence presented at trial, including the trial testimony of the deceased's fiancée and child, the probative value of the photograph was not substantially outweighed by a substantial danger of unfair prejudice. MRE 403. Additionally, the trial court instructed jurors not to allow sympathy or prejudice to influence their decision. Jurors are presumed to follow their instructions. *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011).

## IV. INCONSISTENT VERDICTS

Finally, defendant contends that jury confusion caused an inconsistent verdict requiring reversal. We review de novo questions regarding the possibility the inconsistent verdicts were returned by the fact-finder. *People v Russell*, 297 Mich App 707, 722; 825 NW2d 623 (2012). However, where the issue is not raised below, as is the case here, appellate review is limited to whether there was plain error that affected defendant's substantial rights. *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008).

Juries are not held to any rules of logic nor are they required to explain their decisions." *People v Vaughn*, 409 Mich 463, 466; 295 NW2d 354 (1980). Each count of an indictment is regarded as if it were a separate indictment and consistency in jury verdicts is not necessary. *Id.* at 465-466. Also, it has long been recognized that "it is possible for a jury to reach separate conclusions on an identical element of two different offenses." *People v Garcia*, 448 Mich 442, 464; 531 NW2d (1995). However, a new trial is appropriate if the jury was confused, did not understand the jury instructions, and did not know what it was doing. *People v Lewis*, 415 Mich 443, 450 n 8; 330 NW2d 16 (1982). A party must offer more evidence than the inconsistency itself to demonstrate that the jury was confused. *People v McKinley*, 168 Mich App 496, 510-511; 425 NW2d 460 (1988). "If there is an interpretation of the evidence that provides a logical explanation for the findings of the jury, the verdict is not inconsistent." *Granger v Fruehauf Corp*, 429 Mich 1, 7; 412 NW2d 199 (1987).

In this case, the verdicts were not inconsistent. Defendant's argument is that the jury must have found that he had lawful justification or excuse because the jury acquitted him of second-degree murder. Defendant reasons that the only justification in this instance was self-defense, and the jury should have applied the same self-defense rationale to the charges of manslaughter and assault. However, defendant's argument misconstrues the difference between second-degree murder and voluntary manslaughter. The elements of second-degree murder are as follows: (1) a death, (2) the death was caused by an act of the defendant, (3) the defendant acted with malice, and (4) the defendant did not have lawful justification or excuse for causing the death. *People v Smith*, 478 Mich 64, 70; 731 NW2d 411 (2007). "[T]o show voluntary manslaughter, one must show that the defendant killed in the heat of passion, the passion was caused by adequate provocation, and there was not a lapse of time during which a reasonable person could control his passions." *People v Mendoza*, 468 Mich 527, 535; 664 NW2d 685 (2003). "The element distinguishing murder from manslaughter—malice—is negated by the presence of provocation and heat of passion." *Id.* at 540. Thus, the element of malice, not the lack of a justification or excuse, is the distinguishing element between murder and voluntary manslaughter. By finding defendant guilty of voluntary manslaughter rather than second-degree murder, the jury necessarily found that heat of passion negated malice.

In any event, even if the verdicts were inconsistent, defendant has not made the requisite showing that the jury was confused, did not understand the court's instructions, and did not know what it was doing. *Lewis*, 415 Mich at 450 n 8. Defendant's only argument in support of jury confusion was that the trial court instructed the jury that defendant was not guilty of second-degree murder if he acted in self-defense. Defendant explained that the court did not mention that the same rationale applied to manslaughter and assault. Defendant opined that this must

have confused the jury and caused them to find defendant guilty of manslaughter and assault despite believing that defendant acted in self-defense.

The flaws in this argument are twofold. First, defendant again assumes that the jury must have found that defendant had a justification and acted in self-defense in order to acquit him of second-degree murder. For the reasons previously discussed, that assumption is incorrect. Second, as discussed above, the jury apparently found that defendant acted in heat of passion, which constituted voluntary manslaughter and explains why the jury acquitted defendant of murder but convicted him of voluntary manslaughter. Again, "[i]f there is an interpretation of the evidence that provides a logical explanation for the findings of the jury, the verdict is not inconsistent." *Granger*, 429 Mich at 7.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ David H. Sawyer
/s/ William B. Murphy