722 N.W.2d 268 (2006)
Michael ALLARD, Plaintiff-Appellee,
v.
STATE FARM INSURANCE COMPANY, Defendant-Appellant.
Michael Allard, Plaintiff-Appellant,
v.
State Farm Insurance Company, Defendant-Appellee.
Docket Nos. 257702, 260435.
Court of Appeals of Michigan.
Submitted April 4, 2006, at Detroit.
Decided April 18, 2006.
Approved for Publication June 15, 2006, at 9:05 a.m.
Released for Publication October 2, 2006.
*270 Cummings, McClorey, Davis & Acho, P.L.C. (by Robert L. Blamer and Gail P. Massad), Livonia, for the plaintiff.
Moblo & Fleming, P.C. (by Cheryl L. Ronk), Livonia, for the defendant.
Before: WHITE, P.J., WHITBECK, C.J., and DAVIS, J.
*269 PER CURIAM.
In these consolidated appeals, defendant State Farm Insurance Company appeals as of right the trial court's order denying its motion for case evaluation sanctions under MCR 2.403 in Docket No. 257702. In Docket No. 260435, plaintiff Michael Allard appeals by leave granted[1] the trial court's denial of his motion for a new trial or judgment notwithstanding the verdict (JNOV) under MCR 2.611(A)(1)(e), arguing that the jury's verdict was inconsistent and against the great weight of the evidence. We affirm the trial court's order denying Allard's motion for a new trial or JNOV. However, we reverse the trial court's order denying State Farm's motion for case evaluation sanctions and remand to allow the trial court to determine the proper amount of those sanctions. On remand, the trial court shall also amend its previous award of costs under MCR 2.625 to exclude those costs associated with attending the case evaluation hearing.

*271 I. Basic Facts And Procedural History
In this case, Allard filed a claim with State Farm, his no-fault insurance carrier, for first-party personal injury protection (PIP) benefits. Allard asserted that he injured his lower back while fueling his vehicle on October 21, 2001. Because State Farm failed to make full payments on Allard's claim for benefits within 30 days,[2] Allard filed the current action in the Wayne Circuit Court. Allard alleged that he was entitled to the claimed benefits and to attorney fees pursuant to MCL 500.3148. Although State Farm did not formally deny Allard's claim for benefits until two months before trial, it continually asserted that his injuries were caused by a preexistent degenerative condition at the L5-S1 vertebrae rather than by the October 21, 2001, incident. This case proceeded to case evaluation pursuant to MCR 2.403. The panel found in Allard's favor and valued his claims at $55,000. Both parties rejected this award, and the case proceeded to trial. At the conclusion of the trial, the trial court entered a judgment of no cause of action in State Farm's favor, consistent with the jury's verdict entered by a special verdict form.

II. Case Evaluation Sanctions

A. Standard Of Review
We review de novo the interpretation and application of a court rule.[3] We also review de novo the trial court's decision whether to grant or deny case evaluation sanctions under MCR 2.403.[4]

B. MCR 2.403(O)(1)
MCR 2.403(O)(1) provides:
If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation. [Emphasis added.]

C. The Trial Court's Decision
The jury's verdict was clearly less favorable to Allard and more favorable to State Farm, which also rejected the award. However, the trial court denied State Farm's motion for "good cause." The trial court agreed with Allard's argument that, had both parties accepted the case evaluation award, Allard could have been precluded by MCR 2.403(M)(1)[5] and the Michigan Supreme Court's opinion in CAM Constr. v. Lake Edgewood Condo Ass'n from raising additional claims for future accrued PIP benefits.[6] The concern of waiver of the future accrued PIP benefits was significant in this case given that Allard underwent additional surgery after the case evaluation and was subsequently permanently disabled from his work as a self-employed electrician.

*272 D. Applying The Rule
The purpose of case evaluation sanctions is to shift the financial burden of trial onto "the party who demands a trial by rejecting a proposed [case evaluation] award."[7] The decision to award case evaluation sanctions is determined as a matter of law; it is not a discretionary matter.[8] The use of the word "must" indicates that the imposition of these sanctions is mandatory.[9] In Great Lakes Gas Transmission Ltd Partnership v. Markel, this Court found that there are only three narrow exceptions to the mandatory imposition of case evaluation sanctions.[10] Under the first exception, the trial court may decline to award costs in a case involving equitable relief, when the verdict (considering both equitable and monetary relief) is more favorable to the rejecting party than the evaluated award.[11] The second exception applies only to dramshop actions.[12] Finally, the trial court "may, in the interest of justice, refuse to award costs" when the judgment is "entered as a result of a ruling on a motion after the party rejected the [case] evaluation" under MCR 2.403(O)(2)(c).[13] This case does not fall within any of the exceptions provided in the plain language of the court rule; thus, the trial court was required to impose case evaluation sanctions in State Farm's favor.
Moreover, we do not agree that Allard would have been precluded under CAM Constr. from filing future claims for PIP benefits if both parties had accepted the case evaluation. In CAM Constr., the plaintiff filed a four-count complaint against the defendantthree counts related to nonpayment for services rendered and one count for breach of contract.[14] The trial court granted the defendant's motion for summary disposition of the breach of contract claim on the ground that the parties had never entered into a written agreement. The remaining three counts proceeded to case evaluation.[15] Both parties ultimately accepted the case evaluation award, and the defendant requested that the trial court enter an order dismissing the entire action pursuant to MCR 2.403(M)(1).[16] The plaintiff argued that it reserved the right to appeal the trial court's grant of summary disposition.[17] The Michigan Supreme Court held that, under the plain language of the court rule, the acceptance of the case evaluation award means that all claims in the action are dismissed.[18]
*273 Here, however, Allard's potential future claims to PIP benefits could not have proceeded to case evaluation and, therefore, could not be excepted in the first instance. Pursuant to MCL 500.3110(4), "[p]ersonal protection insurance benefits payable for accidental bodily injury accrue not when the injury occurs but as the allowable expense, work loss or survivors' loss is incurred." Under MCL 500.3107(1), an insurer is not liable to pay allowable expenses until they are incurred. "To `incur' means `[t]o become liable or subject to, [especially] because of one's own actions.'"[19] Until the expense is incurred, the insured's entitlement to benefits does not accrue and the insurer's liability to pay the claim does not attach.[20] Had both parties here accepted the case evaluation, State Farm would have been deemed liable to pay $55,000 of PIP benefits, which had accrued up to the time of the case evaluation. As Allard's subsequent work loss and other allowable expenses accrued, he could file additional claims with State Farm.[21]

E. "Actual Costs"
Because the trial court improperly denied State Farm's motion for case evaluation sanctions under the mandatory language of the court rule, we must remand to allow the trial court to consider State Farm's "actual costs" of proceeding to trial. "Actual costs" are defined under the court rule as follows:
(a) those costs taxable in any civil action, and
(b) a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the case evaluation.

For purposes of determining taxable costs under this subrule and under MCR 2.625, the party entitled to recover actual costs under this rule shall be considered the prevailing party.[22]
"Those costs taxable in any civil action" are enumerated in MCL 600.2405:
(1) Any of the fees of officers, witnesses, or other persons mentioned in this chapter or in chapter 25, unless a contrary intention is stated.
(2) Matters specially made taxable elsewhere in the statutes or rules.
(3) The legal fees for any newspaper publication required by law.
(4) The reasonable expense of printing any required brief and appendix in the supreme court, including any brief on motion for leave to appeal.
(5) The reasonable costs of any bond required by law, including any stay of proceeding or appeal bond.
(6) Any attorney fees authorized by statute or by court rule.
We disagree with Allard's contention that the costs and fees associated with proceeding to trial were "necessitated by" State Farm's rejection of the case evaluation award and refusal to settle this case, rather than by his rejection of the award. In Haliw v. Sterling Hts, the Michigan Supreme Court clarified that, under MCR 2.403(O), there must be "a causal nexus between rejection and incurred expenses" to justify the award of case evaluation *274 sanctions.[23] The Court rejected prior case law construing the phrase "`necessitated by the rejection'" to be merely a "temporal demarcation."[24] "[A] causal nexus plainly exists between rejection and trial fees and costs."[25]
This Court has repeatedly rejected the argument that the required causal nexus is destroyed when the defendant fails to offer to settle the case and rejects the case evaluation award. In Ayre v. Outlaw Decoys, Inc, four coplaintiffs filed a wrongful death and negligence action against two defendants, including Attwood Corporation, on behalf of their decedents' estates following a fatal boating accident.[26] Following a case evaluation hearing, the panel determined that Attwood was 30 percent at fault for the plaintiffs' losses. Three of the coplaintiffs accepted this award, but the appealing plaintiff rejected it.[27] Attwood also rejected the case evaluation award, and the plaintiff's claims against that defendant proceeded to trial.[28] The jury ultimately entered a verdict of no cause of action in Attwood's favor.[29] The trial court subsequently granted Attwood's motion for case evaluation sanctions against this plaintiff alone as a rejecting party who fared worse at trial.[30] On appeal, this Court rejected the plaintiff's argument that the trial was "necessitated by" Attwood's rejection of the case evaluation award with respect to all four plaintiffs, rather than by this plaintiff's rejection.[31] This plaintiff's rejection "did cause [Attwood] to incur attorney fees defending against [the] plaintiff's case" regardless of the fact that Attwood also rejected the award.[32] Similarly, in this case, Allard's rejection of the case evaluation award necessitated trial, even though State Farm never offered to settle.

F. Specific Items As Taxable Costs
Allard also challenges the trial court's award of specific items as taxable costs to State Farm. Unlike the award of case evaluation sanctions, the award of taxable costs to the prevailing party is within the trial court's discretion. Under MCR 2.625(A)(1), "[c]osts will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action."[33] Although the trial court initially rejected State Farm's motion for taxable costs, it later granted the motion on reconsideration. Arguably, the trial court could have denied State Farm's motion for costs under MCR 2.625 on the basis of its concern for the potential waiver of a PIP claimant's future claims for recovery. However, as noted in MCR 2.403(O)(6), taxable costs are completely subsumed by the mandatory award of "actual costs" as case evaluation sanctions. Accordingly, Allard's challenge to specific itemized costs *275 will apply equally to the award of case evaluation sanctions on remand.

G. Paralegal And Clerical Fees
Allard contends that State Farm improperly sought to tax paralegal and clerical fees, which should have been included in its attorney's overhead. In Joerger v. Gordon Food Service, Inc,[34] this Court found that paralegal fees are neither part of taxable costs under MCL 600.2405 nor recompensable as part of an attorney's fees under MCR 2.403(O)(6). Paralegal fees are not enumerated in the list of taxable costs in the statute. Although this Court noted that a paralegal performing duties traditionally conducted by an attorney should be a separate allowable expense,[35] this Court found that it was bound to find that fees generated by the work of paralegals are already included in the attorney's cost of doing business.
Clearly, attorney fees are not meant to compensate only work performed personally by members of the bar. Rather, the term must refer to a reasonable fee for the work product of an attorney that necessarily includes support staff. The rule allowing an award of attorney fees has traditionally anticipated the allowance of a fee sufficient to cover the office overhead of an attorney together with a reasonable profit. The inclusion of factor 5, the expenses incurred, reflects the traditional understanding that attorney fees should be sufficient to recoup at least a portion of overhead costs. Johnston v. Detroit Hoist & Crane Co., 142 Mich.App. 597, 601, 370 N.W.2d 1 (1985); Detroit Bank & Trust Co. v. Coopes, 93 Mich.App. 459, 468, 287 N.W.2d 266 (1979). Fixed overhead costs include such items as employee wages, rent, equipment rental, and so forth. Id. Thus, until a statute or a court rule specifies otherwise, the attorney fees must take into account the work not only of attorneys, but also of secretaries, messengers, paralegals, and others whose labor contributes to the work product for which an attorney bills a client, and it must also take account of other expenses and profit. We therefore must rule, albeit reluctantly, that the reasonable "attorney fees" should already include the work of paralegals, as well as that of attorneys and other factors underlying the fee. Accordingly, we remand in order for the trial court to reduce the award of attorney fees by the amount attributable to the independent paralegal billings.[36]
Clerical tasks would, similarly, be considered part of an attorney's overhead under this reasoning.
We agree with Allard that State Farm was not entitled to the costs and fees associated with attending case evaluation. The court rule specifically provides recovery only for the actual costs associated with trial. Accordingly, on remand, the trial court should adjust State Farm's award of actual costs to exclude the challenged amounts. However, we do not agree that the trial court improperly awarded State Farm costs associated with paralegal or clerical work. Allard contends that State Farm billed a reduced rate for the work of a paralegal. However, the bill of costs clearly indicates that this individual was an attorney who billed at a lower rate. Moreover, Allard challenges several "clerical" tasks, but these *276 were billed directly by the attorney in this case. Accordingly, we find that the trial court did not abuse its discretion in including those costs in its award.

III. New Trial Or JNOV

A. Standard Of Review
Allard challenges the trial court's denial of its motion for new trial or JNOV. Allard contended that the jury's verdict was inconsistent and against the great weight of the evidence under MCR 2.611(A)(1)(e). The jury determined that Allard had suffered an accidental bodily injury, but that his injury did not arise from the maintenance of a motor vehicle as a motor vehicle.[37] Allard contends that this verdict was inconsistent with the evidence, given that State Farm's claims adjuster admitted that the fueling of a vehicle is "maintenance" as contemplated by the statute. Allard also contends that, if the jury found that his injuries were not caused by the incident on October 21, 2001, it should have found that his injuries arose out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle, but that no allowable expenses had accrued. Basically, Allard is challenging the jury's interpretation of the jury verdict form.
We review for an abuse of discretion a trial court's denial of a motion for new trial.[38] When a party challenges a jury's verdict as against the great weight of the evidence, this Court must give substantial deference to the judgment of the trier of fact. If there is any competent evidence to support the jury's verdict, we must defer our judgment regarding the credibility of the witnesses.[39] The Michigan Supreme Court has repeatedly held that the jury's verdict must be upheld, "even if it is arguably inconsistent, `[i]f there is an interpretation of the evidence that provides a logical explanation for the findings of the jury.'"[40] "`[E]very attempt must be made to harmonize a jury's verdicts. Only where verdicts are so logically and legally inconsistent that they cannot be reconciled will they be set aside.'"[41]

B. The Special Verdict Form
In Question No. 1 on the special verdict form, the jury found that Allard had suffered an accidental bodily injury. However, that question did not ask when the injury occurred or what caused it. Given that State Farm conceded that Allard had suffered a debilitating injury to his back, the jury had grounds to find that he had suffered an accidental injury at some point in time. In Question No. 2, however, the jury found that Allard's accidental bodily injury did not "arise out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle [on] October 21, 2001." Although Allard argues on appeal that State Farm's claims adjuster admitted that fueling a vehicle is "maintenance" as contemplated by the statute, he conceded during the January 16, 2004, hearing that the adjuster did not admit that his accidental bodily injury arose out of that incident. While Allard and the trial court both believed that Question No. 3 was the proper *277 causation question, the trial court correctly determined that the jury found a lack of causation in Question No. 2. We note that Allard did not challenge the verdict when the jury returned it.

C. The Evidence
The parties presented significant conflicting evidence regarding the cause of Allard's injuries following the October 21, 2001, incident. Allard presented the testimony of his treating physician that the incident on October 21, 2001, "aggravated" his preexistent back condition and necessitated further surgeries. State Farm presented the contradictory evidence of its independent medical examiner that Allard's later fusion surgeries were inevitable given the condition of his back and that the instability was likely increased by the first surgery. From that evidence, the jury declined to find that Allard's injuries stemmed from the use of a motor vehicle. It is the sole province of the jury to determine the weight of the evidence and credibility of the witnesses. We may not interfere with that judgment.[42]
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] Allard v. State Farm Ins Co, unpublished order of the Court of Appeals, entered June 20, 2005 (Docket No. 260435).
[2] MCL 500.3142(2).
[3] Haliw v. Sterling Hts., 471 Mich. 700, 704, 691 N.W.2d 753 (2005).
[4] Elia v. Hazen, 242 Mich.App. 374, 376-377, 619 N.W.2d 1 (2000).
[5] MCR 2.403(M)(1) provides:

If all the parties accept the panel's evaluation, judgment will be entered in accordance with the evaluation, unless the amount of the award is paid within 28 days after notification of the acceptances, in which case the court shall dismiss the action with prejudice. The judgment or dismissal shall be deemed to dispose of all claims in the action and includes all fees, costs, and interest to the date it is entered. [Emphasis added.]
[6] CAM Constr. v. Lake Edgewood Condo. Ass'n, 465 Mich. 549, 640 N.W.2d 256 (2002).
[7] Bennett v. Weitz, 220 Mich.App. 295, 301, 559 N.W.2d 354 (1996); see also Ayre v. Outlaw Decoys, Inc., 256 Mich.App. 517, 529, 664 N.W.2d 263 (2003).
[8] Great Lakes Gas Transmission Ltd. Partnership v. Markel, 226 Mich.App. 127, 129, 573 N.W.2d 61 (1997).
[9] Id. at 130, 573 N.W.2d 61; see also Elia, supra at 379, 619 N.W.2d 1 ("Given that the parties rejected the mediation evaluation and the jury verdict is more than ten percent above the mediated value, plaintiffs are, as a matter of law, entitled to mediation sanctions in the amount of their `actual costs.'").
[10] Great Lakes Gas Transmission Ltd Partnership, supra at 130, 573 N.W.2d 61.
[11] Id., citing MCR 2.403(O)(5).
[12] Id., citing MCR 2.403(O)(9).
[13] Id., citing MCR 2.403(O)(11).
[14] CAM Constr., supra at 550-551, 640 N.W.2d 256.
[15] Id. at 551, 640 N.W.2d 256.
[16] Id. at 551-552, 640 N.W.2d 256.
[17] Id. at 552, 640 N.W.2d 256.
[18] Id. at 554-555, 640 N.W.2d 256.
[19] Proudfoot v. State Farm Mut. Ins. Co., 469 Mich. 476, 484, 673 N.W.2d 739 (2003).
[20] Id.; Nasser v. Auto Club Ins. Ass'n, 435 Mich. 33, 52 n. 7, 457 N.W.2d 637 (1990).
[21] See Proudfoot, supra at 484, 673 N.W.2d 739 (in which the plaintiff was required to take actions to become liable for the cost of home modifications necessitated by her injury in order to incur an allowable expense for which the defendant could be liable).
[22] MCR 2.403(O)(6) (emphasis added).
[23] Haliw, supra at 711 n. 8, 691 N.W.2d 753.
[24] Id., citing Michigan Basic Prop. Ins. Ass'n v. Hackert Furniture Distributing Co., Inc., 194 Mich.App. 230, 235, 486 N.W.2d 68 (1992).
[25] Id.
[26] Ayre, supra at 519, 664 N.W.2d 263.
[27] Id.
[28] Id.
[29] Id.
[30] Id. at 520, 664 N.W.2d 263.
[31] Id. at 521, 664 N.W.2d 263.
[32] Id. at 526, 664 N.W.2d 263; see also Bennett, supra (in which this Court also upheld the imposition of case evaluation sanctions where both parties had rejected the case evaluation award).
[33] Emphasis added.
[34] Joerger v. Gordon Food Service, Inc., 224 Mich.App. 167, 180-182, 568 N.W.2d 365 (1997).
[35] Id. at 183, 568 N.W.2d 365.
[36] Id. at 181-182, 568 N.W.2d 365 (emphasis in original).
[37] MCL 500.3105(1).
[38] Kelly v. Builders Square, Inc., 465 Mich. 29, 34, 632 N.W.2d 912 (2001).
[39] Ellsworth v. Hotel Corp. of America, 236 Mich.App. 185, 194, 600 N.W.2d 129 (1999).
[40] Bean v. Directions Unlimited, Inc., 462 Mich. 24, 31, 609 N.W.2d 567 (2000), quoting Granger v. Fruehauf Corp., 429 Mich. 1, 7, 412 N.W.2d 199 (1987); Lagalo v. The Allied Corp., 457 Mich. 278, 282, 577 N.W.2d 462 (1998).
[41] Lagalo, supra at 282, 577 N.W.2d 462, quoting Granger, supra at 9, 412 N.W.2d 199.
[42] Ellsworth, supra at 194, 600 N.W.2d 129.