*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEVEN SMITH, JR.,

      Plaintiff,

and

MARK BATIE,

      Plaintiff-Appellant,

v

PULKIT GOENKA and GE AVIATION SYSTEMS,
LLC,

      Defendants-Appellees,

and

HERTZ VEHICLES, LLC and HERTZ
CORPORATION,

      Defendants.

UNPUBLISHED
January 7, 2021

No. 347127
Wayne Circuit Court
LC No. 16-010893-NI

Before: STEPHENS, P.J., and SAWYER and BECKERING, JJ.

PER CURIAM.

      In this negligence action involving a motor vehicle accident, plaintiff Mark Batie appeals as of right a judgment of no cause of action entered after a jury trial. Plaintiff challenges the trial court's postjudgment order denying his motion for a new trial, as well as prior decisions of the trial court. We affirm.

-1-

This case arises out of a motor vehicle accident that occurred on July 20, 2014. At trial, plaintiff[1] alleged that he suffered injuries to his back and left shoulder as a result of that accident. Defendants, Pulkit Goenka and GE Aviation Systems, LLC,[2] conceded at trial that their negligence caused the accident. The jury determined that plaintiff was injured, but found that his injuries were not caused by defendants' negligence, i.e., the motor vehicle accident. Consequently, the trial court entered a judgment of no cause of action against plaintiff.

## I. GREAT WEIGHT OF THE EVIDENCE

Plaintiff argues that he is entitled to a new trial because the jury's verdict is inconsistent and not substantiated by the evidence. We disagree. This Court reviews a trial court's denial of a motion for a new trial for an abuse of discretion. *Allard v State Farm Ins Co*, 271 Mich App 394, 406; 722 NW2d 268 (2006). A court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

In *Allard*, 271 Mich App at 406-407, this Court stated:

> When a party challenges a jury's verdict as against the great weight of the evidence, this Court must give substantial deference to the judgment of the trier of fact. If there is any competent evidence to support the jury's verdict, we must defer our judgment regarding the credibility of the witnesses. The Michigan Supreme Court has repeatedly held that the jury's verdict must be upheld, "even if it is arguably inconsistent, '[i]f there is an interpretation of the evidence that provides a logical explanation for the findings of the jury." " ' 'Every attempt must be made to harmonize a jury's verdicts. Only where verdicts are so logically and legally inconsistent that they cannot be reconciled will they be set aside.' " [Citations omitted.]

Initially, we reject plaintiff's cursory argument that the jury's verdict is logically and legally inconsistent. At trial, defendants presented evidence that plaintiff had a shoulder injury that predated the motor vehicle accident. The jury determined that plaintiff had been injured, but that the injury was not caused by defendants' negligence, i.e., the motor vehicle accident. There is nothing inconsistent with these findings. The verdict simply means what it says: that while plaintiff had an injury, the injury was not related to or caused by the motor vehicle accident.

Plaintiff's assertion that "there is simply nothing else that [plaintiff's] injuries could be attributed to" ignores defendants' proofs at trial. Defendants at trial repeatedly emphasized that plaintiff had suffered from back and shoulder injuries, but that those injuries predated the July

---

[1] Plaintiff Steven Smith, Jr., is not part of the instant appeal. We use the term "plaintiff" to refer only to plaintiff Batie.

[2] The initial suit also named Hertz Vehicles, LLC, and The Hertz Corporation as defendants, but the parties stipulated to dismiss the Hertz defendants. Accordingly, any reference to "defendants" in this opinion refers to Goenka and GE Aviation Systems.

2014 accident. Indeed, defendants relied on medical charts from plaintiff's visits to Health One in May and June of 2014, just weeks before the accident, which showed that plaintiff had informed the treating physicians that he had fallen off a roof in 2010 and had been having back and shoulder pain ever since. The pain was so severe at those visits that plaintiff was prescribed narcotic pain medication at the May visit and a higher dosage at the June visit. Further, defendants' expert witnesses testified that plaintiff's injuries were not related to the motor vehicle accident.

While plaintiff and his doctors testified that his injuries were related to the motor vehicle accident, this was a factual question for the jury to resolve. See *Allard*, 271 Mich App at 408 ("It is the sole province of the jury to determine the weight of the evidence and credibility of the witnesses."). Just because the jury resolved this question in favor of defendants does not make the verdict against the great weight of the evidence. Accordingly, the trial court did not abuse its discretion when it denied plaintiff's motion for a new trial.

## II. ADMISSIBILITY OF SSA DETERMINATION

Plaintiff next argues that he is entitled to a new trial because the trial court erred by admitting the Social Security Administration's (SSA) determination that plaintiff was not disabled. We review this preserved evidentiary issue for an abuse of discretion. *Nahshal v Fremont Ins Co*, 324 Mich App 696, 710; 922 NW2d 662 (2018).

Even if we were to assume, arguendo, that the trial court erred by allowing this evidence, the error would not warrant reversal because it is not more probable than not that the error affected the outcome of the trial. *Id*. at 717. Whether plaintiff was considered "disabled" had no bearing on the jury's determination of what *caused* his (disabling or nondisabling) injuries. As previously discussed, the jury rejected plaintiff's negligence claim because it determined that his injuries were not related to the motor vehicle accident. Thus, any evidence regarding plaintiff not being disabled simply could not have been a factor in the jury's verdict. Plaintiff argues that the SSA's determination that plaintiff was not disabled might have influenced the jury's decision with regard to whether he suffered a serious impairment of body function, which is a necessary prerequisite to obtain noneconomic damages under the no-fault act. See MCL 500.3135(1); *McCormick v Carrier*, 487 Mich 180, 189-190; 795 NW2d 517 (2010). But again, whether plaintiff suffered a serious impairment of body function is a separate issue than whether his injuries were caused by the accident. In other words, whether plaintiff had suffered a serious impairment of body function or was disabled goes to the *severity* of the injury, not its *causation*. Indeed, because the jury found no causation, it never had to consider the extent of plaintiff's injuries. Consequently, plaintiff cannot prevail on this issue.

## III. SUBPOENA OF EXPERT'S IRS 1099 FORMS

Plaintiff argues that the trial court erroneously denied his motion to compel Exam Works to produce IRS 1099 forms for Dr. Miles Singer and erroneously granted defendants' motion to quash. We disagree. This Court reviews a trial court's decision to grant or deny discovery for an abuse of discretion. *Shinkle v Shinkle (On Rehearing)*, 255 Mich App 221, 224; 663 NW2d 481 (2003). Additionally, the interpretation and application of the court rules is a question of law that this Court reviews de novo. *Colista v Thomas*, 241 Mich App 529, 535; 616 NW2d 249 (2000).

On September 4, 2018, less than four weeks before trial, plaintiff issued a subpoena for Exam Works to produce 1099s, W-2s, or S-Corporation distributions for the prior five years issued to defense expert, Dr. Singer.[3] Defendants filed an emergency motion to quash the subpoena. Defendants argued, in part, that the sought-after information was not discoverable under MCR 2.302(B)(4). Plaintiff filed a motion to compel Exam Works to comply with the subpoena. Plaintiff argued that he anticipated that defendants' experts, including Dr. Singer, would claim ignorance regarding how much money they earned each year from Exam Works. At the motion hearing, the trial court granted defendants' motion to quash and denied plaintiff's motion to compel. However, the court specifically noted that it would revisit the issue if it was brought to its attention that any deponent was being evasive.

Thereafter, at his deposition, Dr. Singer testified that approximately 30% of his business is from conducting independent medical examinations (IMEs). During cross-examination by plaintiff, Dr. Singer did not know how much he makes in a given year from Exam Works, but he stated that he does "maybe" 100 to 200 exams per year for Exam Works. Dr. Singer also testified that he earned approximately $6,000 for his work in the present case. When plaintiff's counsel tried to get Dr. Singer to agree that, on average, he earned $6,000 for each other IME he conducted, Dr. Singer said that was "[n]ot even close." Notably, plaintiff's counsel never tried to ascertain from Dr. Singer what was wrong or incorrect with his hypothesis. Instead, counsel simply asked Dr. Singer how much he made in a year doing these IMEs, but Dr. Singer did not know the dollar amount.

Although the trial court told the parties that it would revisit the issue of the subpoena if any expert was being evasive, plaintiff never raised the issue with the court again. The issue before us is whether the trial court abused its discretion when it rendered its initial decision to quash the subpoena. Plaintiff does not suggest that the trial court should have sua sponte done anything after it quashed the subpoena.

MCR 2.302(B) is the court rule that governs the scope of discovery and, at the time provided, in pertinent part:

> (1) *In General*. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of another party, including the existence, description, nature, custody, condition, and location of books, documents, or other tangible things, or electronically stored information and the identify and location of persons having knowledge of a discoverable matter. It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

* * *

---

[3] The subpoena also requested this information for other defense experts, but on appeal, plaintiff only relies on the request for Dr. Singer's information.

-4-

(4) *Trial Preparation; Experts*. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subrule (B)(1) and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

(a)(i) A party may though interrogatories require another party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter about which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

(ii) A party may take the deposition of a person whom the other party expects to call as an expert witness at trial. . . .

(iii) On motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions (pursuant to subrule [B][4][c]) concerning fees and expenses as the court deems appropriate.

In dedicating a separate subrule, MCR 2.302(B)(4), for discovery related to experts, experts essentially are considered a special class of nonparties. These specific rules take precedence over the more general rules of discovery. See *Slater v Ann Arbor Pub Sch Bd of Ed*, 250 Mich App 419, 434-435; 648 NW2d 205 (2002) (stating that specific provisions control over general provisions). Thus, discovery of expert witnesses generally may *only* be conducted through deposition. MCR 2.302(B)(4)(a)(ii). However, MCR 2.302(B)(4)(a)(iii) states that a "court may order further discovery by other means," but the rule is permissive. See *Walters v Nadell*, 481 Mich 377, 383; 751 NW2d 431 (2008) (stating that the word "may" typically denotes permissive activity). Thus, because the ordering of other forms of discovery is permissive, the trial court was not required to compel the disclosure of Dr. Singer's financial documents. The trial court's order was eminently reasonable. Instead of a blanket denial of plaintiff's motion to compel the production of those financial documents, the trial court stated that it would reconsider its ruling if any of the experts were "intentionally evasive." Because the trial court did not foreclose the possibility of plaintiff being able to obtain the sought-after financial documents, we cannot see how the trial court abused its discretion. If plaintiff was not satisfied after taking Dr. Singer's deposition, he could have accepted the court's invitation to revisit the issue, but he did not.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ David H. Sawyer
/s/ Jane M. Beckering

-5-