*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TAMIKO COLTS,

        Plaintiff-Appellant/Cross-Appellee,

v

PROGRESSIVE MARATHON INSURANCE
COMPANY,

        Defendant,

and

PAUL BRANT, LLC, and PAUL IVAN BRANT,

        Defendants-Appellees/Cross-
        Appellants.

UNPUBLISHED
March 11, 2021

No. 349327
Macomb Circuit Court
LC No. 2017-003202-NF

Before: TUKEL, P.J., and JANSEN and CAMERON, JJ.

PER CURIAM.

Plaintiff Tamiko Colts appeals a judgment of no cause of action that was entered by the trial court on the basis of the jury's verdict in this negligence action. Colts argues that the trial court abused its discretion by admitting hearsay statements into evidence. Defendants Paul Ivan Brant and Paul Brant, LLC, cross-appeal, arguing that the trial court erred by denying their motion for directed verdict. We affirm.

## I. BACKGROUND

On the afternoon of April 19, 2016, Colts and Brant were both traveling westbound on Eight Mile Road in their respective vehicles. Brant, who was operating a semitruck with two flatbed trailers attached, was driving ahead of Colts's minivan. At some point, a collision occurred.

Andrew Maas, who was a passenger in a nearby vehicle, heard a noise that "forced" him to look up from his cell phone. Maas saw Colts's minivan in "mid-air." Colts did not recall the collision or recall seeing Brant's semitruck in the roadway. Although Brant felt a "bump," he believed that it was a pothole and continued driving. After Brant was informed by a passing unknown motorist that "a vehicle [had] hit [his] trailer," Brant and the unknown motorist pulled over. The unknown motorist reiterated to Brant that "a vehicle [had] hit [his] trailer." The unknown motorist told Brant that he was unable to stay and drove away before law enforcement arrived.

Officer Zachary Lemond arrived at the scene to investigate. Officer Lemond noted that Brant's "semitruck had damage on the right-side rear" and that Colts's minivan "had damage on the left side of the front." Officer Lemond noted that the damage was "fresh." He concluded that "the minivan was slightly behind and to the right or to the rear and right of the semitruck" at the time the collision occurred.

Colts was allegedly injured in the collision, and she was transported to the hospital by ambulance. Colts later filed a negligence action against Brant, alleging that he had negligently operated his semitruck.[1] Colts also filed an action against Paul Brant, LLC, alleging that it had negligently entrusted its semitruck to Brant. Before trial, Colts moved to preclude the statements that were made to Brant by the unknown motorist. Colts alleged that the statements amounted to inadmissible hearsay and that the statements did not fall within a hearsay exception. Defendants opposed the motion. The trial court ultimately denied Colts's motion, concluding that the statements were admissible as present sense impressions. The trial court also concluded that the statements would have been admissible under the excited utterance exception.

Thereafter, trial commenced. Colts called witnesses to testify concerning the circumstances of the collision, including Officer Lemond and Maas. After Colts presented all of her proofs, defendants moved for a directed verdict. After hearing oral argument from the parties, the trial court denied defendants' motion, holding that a question of fact existed as to whether defendants' actions were the cause of Colts's alleged injuries. The jury later found that defendants were not negligent, and the trial court entered a judgment of no cause of action. These appeals followed.

## II. ANALYSIS

Colts argues that the trial court abused its discretion by denying her motion to exclude the hearsay statements of the unknown motorist. Specifically, Colts argues that the statements by the unknown motorist were "hearsay and no foundational evidence existed for the trial court to qualify" the statements as present sense impressions or excited utterances. We conclude that the trial court did not abuse its discretion by admitting the evidence.

When an evidentiary issue is properly preserved, we review the trial court's decision to admit or exclude evidence for an abuse of discretion. *Nahshal v Fremont Ins Co*, 324 Mich App 696, 710; 922 NW2d 662 (2018). However, "preliminary legal determinations of admissibility are

---

[1] Colts also filed a claim against Progressive Marathon Insurance Company. Progressive was later dismissed from the action by stipulation of the parties.

reviewed de novo." *Id*. (quotation marks and citation omitted). If an error is found, we must determine whether the error "was harmless error or reversible error under MRE 103(a). A trial court's error is harmless if, based on review of the entire record, it is more probable than not that the error was not outcome determinative; if the probability runs in the other direction, then it is reversible error." *Id*. at 717.

Under MRE 801(c), hearsay "is a statement, other than the one made by the declarant while testifying at the trial . . ., offered in evidence to prove the truth of the matter asserted." Unless otherwise provided by the rules of evidence, hearsay is not admissible. MRE 802. In this case, the unknown motorist's statements are undisputedly hearsay. The trial court found that the unknown motorist's statements were admissible because they constituted present sense impressions, which is an exception to the hearsay rule. MRE 803(1). We conclude that, even if the trial court erroneously failed to require defendants to lay the appropriate foundation before the court concluded that the statements were admissible, the unknown motorist's statements were admissible under MRE 803(1).

A present sense impression is "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." MRE 803(1). This exception is justified by

> the trustworthiness of the statement, which is based on the substantially contemporaneous nature of the statement with the underlying event. For hearsay evidence to be admissible under this exception, three criteria must be met: (1) the statement must provide an explanation or description of the perceived event, (2) the declarant must personally perceive the event, and (3) the explanation or description must be substantially contemporaneous with the event. [*Ykimoff v Foote Mem Hosp*, 285 Mich App 80, 105; 776 NW2d 114 (2009) (quotation marks and citations omitted).]

Furthermore, "in order to establish the foundation for the admission of a hearsay statement pursuant to the present sense impression exception, other evidence corroborating the statement must be brought forth to ensure its reliability." *Id*. at 106.

In this case, Brant testified that he was traveling west on Eight Mile Road at all relevant times. At one point, Brant stopped at a red light at the intersection of Eight Mile Road and Mound Road. Brant proceeded through the intersection after the light turned green and felt a "bump," which he assumed was a pothole. Brant testified that, a "[s]hort ways after that, not far," a vehicle approached his driver's side. The unknown motorist was "blowing the horn" and "trying to get [Brant's] attention." Brant rolled down his window, and the unknown motorist, who had his passenger side window rolled down, informed Brant that "a vehicle [had] hit [Brant's] trailer." After Brant and the unknown motorist pulled over, the unknown motorist reiterated that "a vehicle [had] hit [Brant's] trailer." Thus, the statements provided a description of the perceived event.

With respect to whether the unknown motorist personally perceived the collision, Colts argues that the unknown motorist could not have seen the collision because the motorist was driving on the left side of Brant's semitruck. It appears that Colts's conclusion is drawn from the fact that the unknown motorist communicated with Brant through Brant's driver's side window

and that the collision seemed to have occurred on the middle right side of the trailer. However, it is not known exactly where the unknown motorist's vehicle was when the collision occurred. Indeed, the unknown motorist could have been in a position to see the collision and then could have quickly driven next to Brant in order to get his attention. Notably, Brant testified that it was possible that the unknown motorist's vision would not have been entirely obscured even if he was on the left side of the semitruck at the time of collision. Brant noted that his load was "only about three-[feet] tall" and that it was "not very high." Furthermore, it is implicit in the unknown motorist's statements that he saw the collision because, after the motorist got Brant's attention with his horn, he had communicated the details of the collision to Brant. Indeed, the evidence supports that the unknown motorist was alone in the vehicle. Thus, we conclude that the record evidence supports that the unknown motorist personally perceived the collision.

With respect to whether the unknown motorist's statements were substantially contemporaneous with the collision, a statement must have been made while the declarant is "perceiving the event or condition, or immediately thereafter." MRE 803(1). However, "in many, if not most, instances precise contemporaneity is not possible and hence a slight lapse is allowable." *People v Hendrickson*, 459 Mich 229, 236; 586 NW2d 906 (1998) (quotation marks and citation omitted). "[T]he phrase immediately thereafter is not synonymous with instantly thereafter," *Berryman v K Mart Corp*, 193 Mich App 88, 100; 483 NW2d 642 (1992) (quotation marks and citation omitted), and "a four-minute interval between the perceived event and a declarant's statement satisfie[s] the 'immediately thereafter' condition," *Hendrickson*, 459 Mich at 236.

In this case, Brant testified that the unknown motorist approached him a short period of time after Brant proceeded through the intersection. Specifically, Brant testified that he felt a "bump," which he initially believed to be a pothole, after the traffic light turned green. "[P]retty much instantly after" Brant felt the bump, the unknown motorist approached Brant's driver's side door and began honking his horn. Brant noted that he was not traveling very fast because he had "a loaded set of doubles[.]" Brant estimated that he was going between 15 and 20 miles per hour. While the evidence supports that Brant stopped his semitruck a fair distance away from the location of the collision, Brant testified that pulling his semitruck over was not an easy feat given the size of the trailers. Indeed, the record supports that Brant had to move over from the "second lane" to the right "curb lane," which required waiting until traffic had cleared. As already stated, the collision occurred on Eight Mile Road in the afternoon.

While Brant is correct that the trial court failed to specifically consider whether the unknown motorist's statements were corroborated by other evidence, the record evidence supports that they were corroborated. Brant's testimony supported that there was damage to the back, right-hand corner of the lead trailer. This is consistent with Officer Lemond's testimony. Officer Lemond testified that Brant's "semitruck had damage on the right-side rear" and that Colts's vehicle "had damage on the left side of the front." Officer Lemond concluded that "the minivan was slightly behind and to the right or to the rear and right of the semitruck" at the time the collision occurred. Photographs of the damaged vehicles were admitted into evidence.

There is also no dispute that a collision occurred at the time and place when and where the unknown motorist claimed to have seen a vehicle hit Brant's trailer. Brant informed Officer Lemond of the unknown motorist, and specifically described to Officer Lemond what the motorist told him, as well as the motorist's gender, ethnicity, and estimated age. Brant also described the unknown motorist's vehicle, including a business logo that was on the side of the vehicle, and provided a license plate number. Thus, we conclude that there was sufficient corroboration that the unknown motorist had observed the collision at issue in this case. The trial court, therefore, did not abuse its discretion by admitting the unknown motorist's statements into evidence.[2]

Moreover, even if we were to conclude that the evidence was not admissible, the error would have been harmless. Colts did not remember the collision, and Maas did not see the collision. Rather, Maas looked up from his cell phone after he heard a noise. Maas testified that he saw a minivan "in mid-air" and a semitruck "straddling two lanes." Although Maas believed that Brant had "sideswiped" Colts's vehicle, Maas agreed that he was speculating as to the cause of the collision. Indeed, Maas acknowledged that Colts could have caused the collision. Maas also agreed that his statement to Officer Lemond that he had witnessed Colts's vehicle do a "barrel roll" was not accurate.

Brant repeatedly testified that he had remained in the "second lane" at all relevant times and denied that he had changed lanes in the time before the collision. Brant noted that he routinely traveled westbound on Eight Mile Road and that it was his practice to remain in the second lane from the right until it was necessary for him to move over to the "curb lane" to get onto the highway. Brant, who is an experienced truck driver, also testified that it was unlikely that his trailers had "drifted" given that there was "no where for the wind to get a hold of" them. Brant also testified that the cargo on the trailers was strapped down. Brant's testimony at trial is consistent with the statements that he made to Officer Lemond following the collision.

Additionally, Brant indicated that the damage to his trailer supported that Colts had hit his trailer from behind, as opposed to Brant "sideswiping" Colts's minivan. Specifically, Brant noted that the damaged portion of the trailer had been "pushed forward." The jury was able to view photographs of the damage to Brant's trailer and to Colts's minivan, and the jury clearly found the testimony of Brant to be credible given that it returned a verdict in defendants' favor. We will not disturb credibility determinations on appeal. *Allard v State Farm Ins Co*, 271 Mich App 394, 408; 722 NW2d 268 (2006) ("It is the sole province of the jury to determine the weight of the evidence and credibility of the witnesses."). Consequently, based on review of the entire record, it is not more probable than not that the error, if any, was outcome determinative. See *Nahshal*, 324 Mich App at 717.

On cross-appeal, defendants argue that, in the event that this Court determines that the statements of the unknown motorist were inadmissible, this Court should nonetheless affirm because the trial court erred when it denied defendants' motion for a directed verdict. Because this issue is moot, we need not consider it. See *B P 7 v Bureau of State Lottery*, 231 Mich App

---

[2] Based on this holding, we need not explicitly consider whether the trial court abused its discretion by holding that the unknown motorist's statements met the criteria for admission as excited utterances.

356, 359; 586 NW2d 117 (1998) ("As a general rule, an appellate court will not decide moot issues.").

Affirmed.

/s/ Jonathan Tukel
/s/ Kathleen Jansen
/s/ Thomas C. Cameron