*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEBORAH MOOREHEAD,

        Plaintiff-Appellant,

v

VAN BUREN PUBLIC SCHOOLS,

        Defendant-Appellee.

UNPUBLISHED
May 23, 2025
9:18 AM

No. 368285
Wayne Circuit Court
LC No. 23-005269-CD

Before: WALLACE, P.J., and RICK and GARRETT, JJ.

PER CURIAM.

Plaintiff, Deborah Moorehead, worked for defendant, Van Buren Public Schools (Van Buren). Moorehead's employment application contained an arbitration clause stating that she agreed to arbitrate any employment-related disputes. After a dispute arose, she filed this action, claiming that Van Buren waived its right to arbitration. She appeals by right the trial court's order dismissing her complaint, but she challenges a previous order denying her request to stay proceedings.[1] Because the trial court was required to stay the case pending arbitration, we reverse and remand for the court to reinstate the case and enter a stay of proceedings.

## I. FACTS AND PROCEEDINGS

In 2018, Moorehead signed an application for employment with Van Buren. The application included an agreement to arbitrate disputes that stated, in relevant part:

---

[1] Although Moorehead does not specifically challenge the final order dismissing the case, we have jurisdiction to decide her appeal. This Court "has jurisdiction of an appeal of right filed by an aggrieved party from . . . [a] final judgment or final order of the circuit court . . . ." MCR 7.203(A)(1). "A party claiming an appeal of right from a final order is free to raise issues on appeal related to prior orders." *Green v Ziegelman*, 282 Mich App 292, 301 n 6; 767 NW2d 660 (2009) (quotation marks, brackets, and citation omitted).

By my signature on this application, I agree that I will settle any and all claims, disputes, or controversies arising out of or relating to my application or candidacy for employment, employment and/or cessation of employment with the Van Buren Public Schools, or the Employment Dispute Resolution (EDR) Plan, exclusively by final and binding arbitration before a neutral arbitrator.

Moorehead asserts that she suffered racial harassment and discrimination in the course of her employment with Van Buren. In January 2023, she e-mailed Van Buren an arbitration complaint alleging employment discrimination, disparate treatment, and retaliation in violation of the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101, *et seq*. The parties exchanged e-mails pertaining to the selection of an arbitrator, but they ultimately failed to select an arbitrator. In April 2023, Moorehead filed this action against Van Buren, alleging the same ELCRA violations based on substantially the same facts.

In lieu of filing an answer to the complaint, Van Buren moved for summary disposition under MCR 2.116(C)(4) (lack of subject-matter jurisdiction), (6) (another action initiated between the same parties involving the same claim), and (7) (agreement to arbitrate). Alternatively, Van Buren sought to compel Moorehead to submit her claims to arbitration. Moorehead opposed the motion, arguing that Van Buren waived its right to arbitration because it failed to submit her claims to arbitration for more than a year. In addition, regarding MCR 2.116(C)(6), Moorehead maintained that another action had not been initiated between the same parties because Van Buren failed to submit her claims to arbitration.

At a hearing on the motion, Moorehead's attorney requested that the trial court stay the case for "like six months" pending the outcome of an unidentified case then pending before the Michigan Supreme Court. Counsel stated that his law firm represented a party in that case, which involved the enforceability of arbitration agreements with respect to ELCRA claims.[2] The trial court declined to stay the case and determined that Van Buren did not waive its right to arbitration because its delay was not "substantial enough to have the arbitration clause set aside or dismissed in any way." The court explained that it was granting Van Buren's motion, but that it would not dismiss the case until the parties agreed on an arbitrator. The court gave the parties two weeks to select an arbitrator and adjourned the hearing.

Later that day, defense counsel e-mailed Moorehead's counsel and indicated that he was agreeable to the arbitrator the trial court suggested earlier that day. Moorehead's attorney responded:

We are not going to arbitrate this claim until the Michigan Supreme Court rules whether arbitration agreements are enforceable in ELCRA cases. If the judge is unwilling to stay the case, we will have to either appeal the ruling, [or] dismiss this case and re-file after the Supreme Court ruling.

---

[2] Although Moorehead's attorney did not mention the name of the case, the case referenced is *Yaser Saidizand v GoJet Airlines, LLC* (Docket No. 163664).

Thereafter, Van Buren moved for entry of an order of dismissal. In response, Moorehead again requested a "brief stay" until the Michigan Supreme Court decided whether ELCRA claims may be subjected to mandatory arbitration. She also argued that MCL 691.1687 and MCR 3.602(C), both of which pertain to arbitration, required the trial court to grant a stay. Further, she maintained that if the court was inclined to dismiss the action, the dismissal should be without prejudice.

The trial court granted Van Buren's motion for entry of an order of dismissal. The court acknowledged that it was required to grant a stay in cases submitted to arbitration, but explained, "the purpose of the stay is to allow the parties to arbitrate. It's not for an indefinite period of time for cases to come back from the Michigan Supreme Court." The trial court asked Moorehead's attorney if he intended to choose an arbitrator within the week. After counsel responded that he did not intend to do so, the court granted Van Buren's motion and dismissed Moorehead's complaint without prejudice. This appeal followed.

## II. ANALYSIS

Moorehead argues that the trial court erred by refusing to stay proceedings rather than dismiss her complaint because caselaw, statutory law, and the court rules required the court to enter a stay. We review for an abuse of discretion a trial court's decision denying a motion to stay proceedings. *Mathis v Auto Owners Ins*, 339 Mich App 471, 480; 983 NW2d 447 (2021). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Id.* "A trial court necessarily abuses its discretion when it premises its decision on an error of law." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 294-295; 14 NW3d 472 (2023).

MCR 3.602(C) provides, in relevant part:

> [A]n action or proceeding involving an issue subject to arbitration must be stayed if an order for arbitration or motion for such an order has been made under this rule. . . . If a motion for an order compelling arbitration is made in the action or proceeding in which the issue is raised, an order for arbitration must include a stay.

The use of the term "must" indicates that a stay in such circumstances is mandatory. See *Allard v State Farm Ins Co*, 271 Mich App 394, 398; 722 NW2d 268 (2006) (the word "must" is a mandatory directive). In addition, MCL 691.1687(6) of the Uniform Arbitration Act (UAA), MCL 691.1681 *et seq.*, states, "If a party moves the court to order arbitration, the court on just terms shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the court renders a final decision under this section." Similarly, MCL 691.1687(7) provides, in relevant part, "[i]f the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration." "[T]he word 'shall' generally indicates a mandatory directive, not a discretionary act." *Smitter v Thornapple Twp*, 494 Mich 121, 136; 833 NW2d 875 (2013).

Van Buren moved for summary disposition, or alternatively, to compel arbitration, and attached a signed agreement to arbitrate to its motion. The trial court determined that Van Buren did not waive its right to arbitration and directed the parties to arbitrate the dispute. Moorehead

requested a stay of proceedings pending arbitration, which the trial court denied. The court abused its discretion by denying the stay because MCL 691.1687(6) and (7), MCR 3.602(C), and caselaw required the court to enter a stay of proceedings. See *Legacy Custom Builders, Inc v Rogers*, 345 Mich App 514, 526; 8 NW3d 207 (2023) ("Instead of dismissing the claim, the Uniform Arbitration Act (UAA), MCL 691.1681 *et seq*., and Michigan Court Rules both required the trial court to stay the lawsuit pending arbitration. See MCL 691.1687; MCR 3.602(C).") We reject Van Buren's argument that the phrase "on just terms" in MCL 691.1687(6) and (7) required the court to enter a stay only if "just terms" required doing so. The phrase "on just terms" did not render a stay discretionary; the statutory language did not require the court to determine whether granting a stay was "just." Rather, it required the court to stay proceedings "on just terms."

Van Buren also argues that the trial court did not err by dismissing the action rather than staying proceedings because Moorehead refuses to arbitrate her claims. Our decision should not be interpreted as validating Moorehead's refusal to arbitrate this dispute until our Supreme Court decides the case that she asserts entitles her refusal.[3] We do not hold that Moorehead was entitled to refuse to arbitrate this matter. Rather, we hold that the trial court was required to stay the proceeding regardless of Moorehead's motivations.

Further, if Moorehead fails to comply with a court order regarding arbitration on remand, including an order requiring her to select an arbitrator, the trial court may impose sanctions. "[T]rial courts possess the inherent authority to sanction litigants and their counsel . . . ." *Maldonado v Ford Motor Co*, 476 Mich 372, 389; 719 NW2d 809 (2006). In addition, statutes and court rules provide such authority. For example, MCL 600.611 provides that "[c]ircuit courts have jurisdiction and power to make any order proper to fully effectuate the circuit courts' jurisdiction and judgments." Moreover, MCR 2.504(B)(1) states, "If a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims." MCR 2.504(B)(1). A court's authority to dismiss a complaint includes dismissal with prejudice if such a sanction is warranted. See *Maldonado*, 476 Mich at 386, 404-405. Accordingly, if Moorehead refuses to participate in arbitration on remand, the trial court is free to impose sanctions as appropriate.

Reversed and remanded for reinstatement of the case and entry of an order staying proceedings pending arbitration. We do not retain jurisdiction.

/s/ Randy J. Wallace
/s/ Michelle M. Rick
/s/ Kristina Robinson Garrett

---

[3] We note that *Yaser Saidizand v GoJet Airlines, LLC* (Docket No. 163664) remains undecided. On May 31, 2024, our Supreme Court entered an order holding the case in abeyance pending a decision in *Rayford v American House Roseville I, LLC* (Docket No. 163989), which also remains undecided.